IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

GAIL MARIE GAASCH, deceased,
and KENNETH H. GAASCH, individually
and as next friend and surviving spouse of Gail Marie Gaasch,

    Plaintiffs,

vs.                                                                                  No. _____
                                                           Div. _____

T. GEORGE STOEV, M.D.,
COLLIERVILLE MEDICAL SPECIALISTS, PLLC,
TERRANCE LEE JACKSON, M.D., MEMPHIS
GASTROENTEROLOGY GROUP - PC,
MARK P. MILLER, M.D.,
DEXTER H. WITTE,                                                    JURY DEMANDED
ALLEN K. TONKIN,
MID-SOUTH IMAGING AND THERAPEUTICS,
BAPTIST MEMORIAL HOSPITAL-COLLIERVILLE,

    Defendants.

**COMPLAINT FOR MEDICAL MALPRACTICE AND WRONGFUL DEATH**

COMES NOW the Plaintiffs GAIL MARIE GAASCH, deceased, and KENNETH H. GAASCH, individually and as the next friend and surviving spouse of GAIL MARIE GAASCH, deceased, by and through their attorneys of record, who file this their Complaint for medical malpractice, breach of professional duties and for wrongful death against the above named defendants and for their cause of action would respectfully state to this Court the following, to wit:

JURISDICTION AND VENUE

1.    Plaintiff GAIL MARIE GAASCH (hereinafter referred to as "Patient"), deceased, was an adult resident citizen of the State of Florida, with her primary

residence at 137 South Cortenay parkway, Merritt Island, Florida 32952.

2. Surviving Plaintiff KENNETH H. GAASCH is an adult resident citizen of the State of Florida, with his primary residence at 137 South Cortenay Parkway, Merritt Island, Florida 32952. Kenneth H. Gaasch is the surviving spouse of Gayle Marie Gaasch, deceased.

3. Defendant T. George Stoev, M.D. (hereinafter referred to as "Dr. Stoev") is an adult resident citizen of Shelby County, Tennessee, and is a practicing physician licensed in the State of Tennessee, with his principal place of business located at 526 Halle Park Dr., Collierville, Tennessee 38017. At all times relevant hereto Dr. Stoev was acting as an actual and apparent agent for Collierville Medical Specialists, PLLC and for Baptist Memorial Hospital – Collierville.

4. Defendant Collierville Medical Specialists, PLLC is a professional limited liability company located in Memphis with its principal place of business located at 526 Halle Park Dr., Collierville, Tennessee 38017. At all times relevant hereto Dr. Stoev was acting as an actual and apparent agent for Collierville Medical Specialists, PLLC. Collierville Medical Specialists, PLLC may be served through its registered agent for service of process, Dr. Raymond C. Jeffers at 526 Halle Park Dr., Collierville, Tennessee 38017.

5. Defendant Baptist Memorial Hospital - Collierville (hereinafter referred to as "Baptist") is a Tennessee hospital that does business in Shelby County, Tennessee. At all times relevant hereto each of the other named defendants in this case, as well as the staff and nurses treating Mrs. Gaasch, were acting as actual and apparent agents for Baptist. Baptist may be served through its registered agent for service of process Greg Duckett at 350 N. Humphreys Blvd., Memphis, Tennessee 38120.

6.     Defendant Terrance L. Jackson, M.D. (hereinafter referred to as "Dr. Jackson") is an adult resident citizen of Shelby County, Tennessee, and is a practicing physician licensed in the State of Tennessee, with his principal place of business located at 8000 Wolf River Blvd., suite 200, Germantown, Tennessee 38138. At all times relevant hereto Dr. Jackson was acting as an actual and apparent agent for Memphis Gastroenterology Group - PC and Baptist.

7.     Defendant Memphis Gastroenterology Group - PC is a professional limited liability company located in Memphis with its principal place of business located at 8000 Wolf River Blvd., suite 200, Germantown, Tennessee 38138. At all times relevant hereto Dr. Jackson was acting as an actual and apparent agent for Memphis Gastroenterology Group - PC. Memphis Gastroenterology Group - PC may be served through its registered agent for service of process, Dr. Lawrence D. Wruble at 8000 Wolf River Blvd., suite 200, Germantown, Tennessee 38138.

8.     Defendant Dexter H. Witte, M.D. (hereinafter referred to as "Dr. Witte") is an adult resident citizen of Shelby County, Tennessee, and is a practicing physician licensed in the State of Tennessee, with his principal place of business located at 2305 Humphreys Blvd, suite 205 Memphis, Tennessee 38120. At all times relevant hereto Dr. Witte was acting as an actual and apparent agent for Mid-South Imaging and Therapeutics, PA and Baptist.

9.     Defendant Allen K. Tonkin, M.D. (hereinafter referred to as "Dr. Tonkin") is an adult resident citizen of Shelby County, Tennessee, and is a practicing physician licensed in the State of Tennessee, with his principal place of business located at 2305 Humphreys Blvd, suite 205 Memphis, Tennessee 38120. At all times relevant hereto Dr. Tonkin was acting as an actual and apparent agent for Mid-South Imaging and

Therapeutics, PA and Baptist.

10. Defendant Mid-South Imaging and Therapeutics, PA is a professional association with its principal place of business located at 2305 Humphreys Blvd, suite 205 Memphis, Tennessee 38120. At all times relevant hereto Dr. Tonkin and Dr. Witte were acting as actual and apparent agents for Mid-South Imaging and Therapeutics, PA. Mid-South Imaging and Therapeutics, PA may be served through its registered agent for service of process Phillip Zeni, M.D. at 2305 Humphreys Blvd, suite 205 Memphis, Tennessee 38120.

11. Defendant Mark Miller, M.D. (hereinafter referred to as "Dr. Miller") is an adult resident citizen of Shelby County, Tennessee, and is a practicing physician licensed in the State of Tennessee, with his principal place of business located at 7655 Poplar Ave., suite 230 Germantown, Tennessee 38138. At all times relevant hereto Dr. Miller was acting as an actual and apparent agent for Baptist.

12. Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13. The acts and omissions which give rise to this cause of action occurred at Baptist Memorial Hospital-- Collierville, located at 1500 West Poplar, in Collierville, Shelby County, Tennessee within the applicable statute of limitations and repose, conferring proper venue with this Court.

### FACTS

14. On February 11, 2008, Mrs. Gaash was taken to Methodist Minor Medical Center, 8071 Winchester Road, Suite 3, Memphis, TN 38125 by her family complaining of nasal congestion, cough, fever, sore throat, chills, and headache. Mrs. Gaash was diagnosed with influenza, treated with Tamiflu and Duraflu, and discharged the same

day.

15. On or about February 13, 2008, the Patient went to the emergency room at Baptist complaining of nausea, vomiting, abdominal pain and symptoms consistent with a bowel obstruction. Mrs. Gaasch had a history of colon cancer, a hemicolectomy and hysterectomy. On this same date, Mrs. Gaasch was admitted to Baptist with attending physician Dr. Stoev designated admitting physician of record. Over the next three days the defendants administered significant amounts of narcotic pain medication to Mrs. Gaasch. Despite the large amount of narcotic pain medication administered to Mrs. Gaash, her symptoms continued to worsen.

16. On this same date, February 13, 2008, the physician attending Mrs. Gaasch in the emergency room ordered a CT scan. The CT scan was read by Dr. Tanner at 11:02AM on February 13, 2008 and revealed a possible partial small bowel obstruction.

17. On this same date, February 13, 2008, Dr. Stoev consulted Dr. Jackson, a gastroenterologist. Dr. Jackson ordered a full liquid diet, despite the fact that Mrs. Gaasch's differential diagnosis included mechanical bowel obstruction. Dr. Jackson also ordered that Mrs. Gaasch receive nothing by mouth ("NPO"), an order that was not followed by Baptist staff.

18. On February 14, 2008, Dr. Jackson ordered a second CT scan. The CT scan was read by Dr. Tonkin on February 14, 2008 at 19:34 as a mechanical mid-small bowel obstruction. The CT scan revealed free fluid in the abdomen and represented a significant worsening from the earlier CT scan taken on February 13, 2008. During this period of time Mrs. Gaasch was complaining of severe abdominal pain, despite the narcotic pain medication administered by Baptist nurses.

19. On or about February 14, 2008, Mrs. Gaasch's condition deteriorated and

she suffered increasing abdominal pain, and was administered dilaudid and phenergen.

20. On or about February 15, 2008, Defendant Dr. Miller, a surgeon, was consulted and diagnosed Mrs. Gaasch as suffering from a partial small bowel obstruction. Dr. Miller recommended fluid hydration and bowel rest. Dr. Miller ordered placement of a nasogastric tube in order to attempt to decompress Mrs. Gash's bowel. At no time did Dr. Miller recommend or undertake surgical intervention to deal with Mrs. Gaasch's complete bowel obstruction.

21. On this same date, February 15, 2008, Mrs. Gaasch's condition continued to deteriorate and she suffered severe pain, nausea, vomiting, diarrhea, and went into shock. Instead of treating Mrs. Gaasch's bowel obstruction, the defendants continued to blunt her symptoms by administering five (5) doses of dilaudid and one (1) dose of morphine.

22. On this same date, February 15, 2008, Baptist's staff attempted to place the nasogastric tube ordered by Dr. Miller. The Baptist nurses attempted to place the nasogastric tube at least six (6) times but failed in all of their attempts and the nasogastric tube was not placed.

23. On or about February 16, 2008, Mrs. Gaasch became hypoxic, diaphoretic and suffered atelectasis, worsening fever, and worsening severe abdominal pain. The Baptist nurses did not report Mrs. Gaasch's increased pain to her doctors. The Baptist nurses instead placed the Patient on a non-rebreather, then a nasal cannula, and administered a Tylenol suppository, dilaudid, and an intravenous saline solution bolus, continuing to blunt Mrs. Gaasch's pain.

24. Later on this same date, February 16, 2008, agents of Baptist performed labwork, which indicated that Mrs. Gaasch was suffering from acute renal failure,

hyperglycemia, and progressive multi-organ dysfunction.

25. After this labwork was performed and the results were known, Defendants placed Mrs. Gaasch in a "step down" unit with an order for a nasogatric tube.

26. After being placed in the "step down" unit, Defendant hospital's staff noted that Mrs. Gaasch appeared to be suffering from "anxiety" and administered Ativan, continuing to blunt her symptoms.

27. On or around 10:30 a.m. on February 16, 2008, Mrs. Gaasch was transferred to the intensive care unit by Baptist staff. Around 10:40 a.m., while being transferred by Baptist staff from the step down bed to the ICU, Mrs. Gaasch became unresponsive and apneic. Around 11:00 a.m., Mrs. Gaasch was declared dead.

## NEGLIGENT ACTS AND/OR OMISSIONS

28. Plaintiffs aver that Defendants George Stoev, M.D, Collierville Medical Specialists, PLLC, Baptist Memorial Hospital – Collierville, Terrance L. Jackson, M.D., Memphis Gastroenterology Group – PC, Dexter H. Witte, M.D., Allen K. Tonkin, M.D., Mid-South Imaging and Therapeutics, PA ,and Mark Miller, M.D. were guilty of one, some or all of the following acts and/or omissions constituting medical negligence and breach of professional duties including, but not limited to, the following:

   a. The negligent failure to appropriately diagnose and treat the patient's mechanical bowel obstruction;

   b. The negligent use of inappropriate therapies given the patient's presentation;

   c. The negligent failure to adequately communicate the results of the patient's diagnostic images in the manner most likely to reach the attention of the treating or referring physician in time to provide the most benefit to the patient and negligent failure to confirm or follow up on receipt of the findings.

   d. The negligent failure to follow up on the results of the patient's diagnostic testing in a timely manner after the testing was ordered;

  e. The negligent failure of hospital staff to accurately and timely notify the patient's treating physicians of the patient's declining condition.

The above negligent acts all constitute deviations from the applicable standard of acceptable professional practice by the defendants and each deviation from the standard of care significantly contributed to Mrs. Gaasch's death and had any of the above deviations from the standard of care not occurred Mrs. Gaasch would, more probably than not, have survived.

  29. Plaintiffs further aver that the negligent acts and omissions listed in the above paragraph were the direct, proximate cause of the Plaintiff injuries and damages, to be set out herein with more particularity.

  30. Plaintiffs further avers that the Defendant BAPTIST MEMORIAL HOSPITAL--COLLIERVILLE, is imputed with any and all acts and/or omissions of their actual and apparent agents, servants and/or employees, including all staff and nurses treating Mrs. Gaasch and including George Stoev, M.D, Collierville Medical Specialists, PLLC, Baptist Memorial Hospital – Collierville, Terrance L. Jackson, M.D., Memphis Gastroenterology Group – PC, Dexter H. Witte, M.D., Allen K. Tonkin, M.D., Mid-South Imaging and Therapeutics, PA ,and Mark Miller, M.D. under the doctrine of *respondeat superior*.

INJURIES

  31. As the direct and proximate result of one, some or all of the aforesaid acts and/or omissions of medical negligence and breach of professional duty, Plaintiffs have been caused to suffer severe and permanent personal injuries and damages including, but not limited to, the following, to wit:

  a. the wrongful death of Gail Marie Gaasch, deceased;

  b. loss of enjoyment, companionship and society of Gail Marie Gaasch, deceased;

    c.    loss of the services of Gail Marie Gaasch, deceased;

    d.    great mental suffering;

    e.    great physical pain and suffering of Gail Marie Gaasch, deceased;

    f.    extensive hedonic damages;

    g.    funeral expenses;

    h.    past medical expenses;

    i.    loss of retirement and government benefits.

32.    The plaintiff has complied with the provisions of T.C.A. § 29-26-121(a).

<u>RELIEF SOUGHT</u>

WHEREFORE, Plaintiffs, GAIL MARIE GAASCH, deceased, and KENNETH H. GAASCH, individually and a the next friend and surviving spouse of Gail Marie Gaasch, deceased, demand judgment from the Defendants George Stoev, M.D, Collierville Medical Specialists, PLLC, Baptist Memorial Hospital – Collierville, Terrance L. Jackson, M.D., Memphis Gastroenterology Group – PC, Dexter H. Witte, M.D., Allen K. Tonkin, M.D., Mid-South Imaging and Therapeutics, PA, and Mark Miller, M.D., in the sum of $5,000,000.00 or for an amount that truth and justice demand, and prays for a trial by jury.

Respectfully submitted,

**The Fowler Law Firm**

s/ C. Wesley Fowler  
C. Wesley Fowler (18652)  
119 S. Main Street, Suite 500  
Memphis, TN  38103  
(901) 322-8018  
Email: wfowler@wesfowlerlaw.com

**BLOUNT LAW FIRM**

s/ James E. Blount, IV
James E. Blount, IV (19301)
1950 West Poplar
Collierville, Tennessee 38017
901-529-9377
Email: jimmy@blountfirm.com

H:\WPDATA\Gaasch\Gayle\complaint.wpd