IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| GAIL MARIE GAASCH, deceased, and KENNETH H. GAASCH, individually and as next friend and surviving spouse of GAIL MARIE GAASCH | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 09-2270-JPM-tmp ) |
| T. GEORGE STOEV, M.D., COLLIERVILLE MEDICAL SPECIALISTS, PLLC, TERRANCE LEE JACKSON, M.D., MEMPHIS GASTROENTEROLOGY GROUP, P.C., MARK P. MILLER, M.D., DEXTER H. WHITE, ALLEN K. TONKIN, MIDSOUTH IMAGING AND THERAPEUTICS, BAPTIST MEMORIAL HOSPITAL-COLLIERVILLE | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

_____

**ORDER GRANTING DEFENDANTS DEXTER H. WITTE, M.D., ALLEN K. TONKIN, M.D., AND MID-SOUTH IMAGING AND THERAPEUTICS, P.A.'S MOTION FOR SUMMARY JUDGMENT**
_____

Before the Court is Defendants Dexter H. Witte, M.D., Allen K. Tonkin, M.D., and Mid-South Imaging and Therapeutics, P.A.'s (hereinafter collectively "Defendants") Motion for Summary Judgment (Docket Entry ("D.E.") 93), filed on August 26, 2009. Plaintiff did not respond to Defendants' Motion. On October 29, 2009, the Court held a hearing on the motion. At the hearing, Plaintiff's counsel indicated that Plaintiff did not intend to pursue its claim against Dr. Witte, Dr. Tonkin, and Mid-South Imaging and Therapeutics, P.A. Accordingly, because Plaintiff

does not oppose Defendants' motion, and for the reasons stated in Defendants' motion,[1] Defendants' Motion for Summary Judgment is GRANTED.  Defendants' pending Motion to Dismiss/Partial Summary Judgment (D.E. 38) is DENIED AS MOOT.  Plaintiff's claims against Defendants Dexter H. Witte, M.D., Allen K. Tonkin, M.D., and Mid-South Imaging and Therapeutics, P.A. are hereby DISMISSED.[2]

SO ORDERED this 30th day of October, 2009.

/s/ JON PHIPPS MCCALLA
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]  Defendants Tonkin and Witte have both submitted affidavits asserting they have complied in all respects with the recognized medical standard of care in Tennessee and that their actions did not cause Plaintiff's alleged injury. Under Tennessee law, expert affidavits of this sort effectively negate the allegations of negligence in a plaintiff's complaint and force the plaintiff to demonstrate the existence of a genuine, material factual dispute.  See Bowman v. Henard, 547 S.W.2d 527, 531 (Tenn. 1977); see also Hessmer v. Miranda, 138 S.W.3d 241, 244 (Tenn. App. Ct. 2003) (finding a defendant physician's own affidavit is sufficient to support dismissal on summary judgment despite the fact that the expert himself was a party to the lawsuit).  In this case, because Plaintiff was unable to produce his own expert affidavit challenging the assertions in the Defendants' affidavits, summary judgment in favor of Drs. Witte and Tonkin is proper.  See Bowman, 547 S.W.3d at 531; Hessmer, 138 S.W.3d at 244.

Because the allegations against Mid-South Imaging and Therapeutics, P.A. are as a principal allegedly acting through its agents Drs. Tonkin and Witte, summary judgment in favor of Mid-South Imaging and Therapeutics P.A. is also proper.  See Johnson v. LeBonheur Children's Med. Ctr., 74 S.W.3d 338, 345 (Tenn. 2002) (holding that a principal may not be held responsible under the doctrine of respondeat superior for the actions of its agent when the agent has been exonerated by an adjudication of non-liability).

[2]  At the oral hearing, counsel for Defendants requested the Court enter a partial judgment as to Defendants Dexter H. Witte, M.D., Allen K. Tonkin, M.D., and Mid-South Imaging and Therapeutics, P.A.  Counsel for Plaintiff did not oppose Plaintiff's request.  The Sixth Circuit, however, has held that Federal Rule of Civil Procedure 54(b) is not to be used routinely or as a courtesy or accommodation to counsel.  See Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc., 807 F.2d 1279, 1282 (6th Cir. 1986) (citations omitted).  Accordingly, partial judgment should not be entered under Rule 54(b) merely because the parties have stipulated or otherwise agreed to that course of action.  To the contrary, partial judgments pursuant to Rule 54(b) are to be utilized "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  The Court not having made such a determination, the Court declines to enter partial judgment at this time.